LEATHERBURY *v.* UNITED STATES.[1]

*(Circuit Court, S. D. Mississippi. November 7, 1887 )*

PUBLIC LANDS—CUTTING TIMBER—BOXING PINES.

Boxing of pine trees for turpentine, by which the trees are not felled nor severed from the soil, is not a cutting of timber with intent to dispose of the same in a manner other than for the use of the navy, within the meaning of Rev. St. U. S. § 2461, where the trees so boxed are not upon public lands reserved for supplying timber for the navy, and where there is no intent to export, dispose of, use, or employ the trees or timber in any manner whatsoever.[2]

*Luke Lea,* for plaintiff in error.
*J. B. Harris,* Dist. Atty., *contra.*

PARDEE, J. This writ of error is prosecuted to reverse a conviction under an indictment of which the following is the material part for this case:

"That heretofore, to-wit, during the years 1883, 1884, 1885, and 1886, in said district, and within the jurisdiction of this court, Geo. S. Leatherbury did unlawfully cut, and cause to be cut, a quantity of timber, to-wit, 31,784 pine trees of the value each of fifteen cents, then and there standing and growing upon certain lands of the United States, theretofore acquired, to-wit, (inserting description of lands,) with intent to dispose of the said timber, in a manner other than for the use of the navy of the United States, to-wit, for his own use and benefit against the peace and dignity of the United States," etc.

The statute of the United States under which the indictment was found and the prosecution had, is section 2461, Rev. St. U. S.; and it provides, among other things:

"If any person shall cut, or cause or procure to be cut, or aid, or assist, or be employed in cutting, any live-oak or red cedar trees, or other timber on, or shall remove, or cause or procure to be removed, or aid, or assist, or be em-

[1]See 27 Fed. Rep. 606.

[2]As to the right of a settler on public lands to cut timber thereon, see U. S. v. Murphy, *ante,* 376, and note.

ployed in removing, any live-oak or red cedar trees, or other timber from, any other lands of the United States, acquired, or hereafter to be acquired, with intent to export, dispose of, use, or employ the same in any manner whatsoever, other than for the use of the navy of the United States, every such person shall pay a fine not less than triple the value of the trees or timber so cut, destroyed, or removed, and shall be imprisoned not exceeding twelve months."

On the trial the following bill of exceptions was taken:

"On the trial of this cause it was proved that the cutting charged in the indictment was done by boxing pine trees, on the lands therein mentioned, for turpentine purposes; that none of the trees boxed were thereby felled or severed from the ground; that the lands on which the trees were standing had been entered under the homestead law; that no patent had been issued to any of the enterers; that the boxing was with their consent, and under contracts with the defendant, made, as they and he testified, in good faith, and with no intent to defraud the United States or violate any law; that the gum extracted from the trees was conveyed to a distillery operated by the defendant, and there converted to his own use; that there was an average of one and a half boxes to each tree, making 1000 boxes to about 667 trees, the yield of gum from that number of boxes being three barrels per month for a turpentine season of eight months; that the value of the gum delivered at the distillery was from $1.50 to $2.50 per barrel, the average being $2.00 per barrel. There was no evidence of the net value of the gum at any time or place; and, apart from the yield of the boxes and the value of the gum, as above proved, there was no evidence as to the value of the trees when boxed or afterwards.

"The court, in charging the jury, instructed them that the boxing of the trees for the purposes stated was an unlawful cutting of them, and an indictable offense. And the jury were also instructed that the value of the gum, as proved, was a circumstance from which they might infer the value of the trees. To these rulings of the court the defendant, by his counsel, immediately excepted, and now tenders this, his bill of exceptions, which is signed and made a part of the record in this court."

The following is the verdict in the case:

"We, the jury, find the defendant guilty as charged in the indictment, and assess the damage at thirty-one thousand trees at the rate of ten cents a tree; say three thousand and one hundred dollars."

The contention in this court is that there was error in the instructions to the jury to the prejudice of the plaintiff in error. (1) That boxing trees for turpentine is not cutting trees with intent to export, dispose of, use, or employ the same in any manner whatsoever. (2) That the value of a pine tree cannot be inferred from the value of the gum taken therefrom delivered at a distillery.

Section 2461, Rev. St., was originally the first section of an act approved March 2, 1831, entitled "An act to provide for the punishment of offenses committed in cutting, *destroying*, or removing live-oak and other timber or trees reserved for naval purposes." See 4 Statutes at Large, 472. The first part of the section provides for the offense of cutting or destroying oak, or cedar, or other timber standing or growing or being on lands reserved for supplying timber for the navy. No intent is specified. Provision is next made for the offense of removing such trees or timber from such lands. In this, also, the act of removing constitutes the offense, without reference to any intent. Then follow the provisions

quoted above, which provide for the cutting or removing of trees or timber *with intent to export, dispose of, use or employ* the same in any manner whatsoever, other, etc.   From this it appears that, in the legislative mind, cutting trees or other timber is not the same as destroying trees or other timber, and that while cutting, destroying, or removing timber from lands reserved for supplying timber for the navy are each denounced, without intent referred to, the cutting or removing of trees or timber on or from lands not reserved is denounced when done with a certain specific intent.   And it is safe to conclude that, while the object of the section was and is to preserve the timber on all the public lands, where the lands have not been reserved for the use of the navy, trespasses other than the cutting or removing of the trees or timber with the intent to export, dispose of, etc., were not contemplated nor provided for.   See *U. S.* v. *The Helena,* 5 McLean, 273.   But in this case the question is clearly made whether the boxing of trees for turpentine, by which the trees are not felled, nor severed from the soil, and where there is no intent to export, dispose of, use, or employ the trees or timber in any manner whatsoever, is a cutting of timber with intent to dispose of the said timber in a manner other than for the use of the navy.   It is very difficult to make out that the boxing of a pine tree for turpentine, which is well understood in turpentine districts to mean cutting into a tree more or less deep, in such a way as to cause the resin or gum of the tree to run and gather in the basin formed at the bottom of the cut, is a cutting of the tree in the sense in which the word cut is used in the statute, where it evidently means to sever or fell.   And if this should be satisfactorily answered, and it be shown that the cutting of the statute includes any cutting, however slight, then it seems that the requisite intent, to constitute an offense, is wholly lacking.   It is not even plausible to argue that an intent to procure turpentine from a tree is an intent to dispose of the timber.   It is not necessary to consider whether, under the statute referred to, the value of the resin obtained from a pine tree, delivered at a distillery, is a proper circumstance to be considered in determining the value of the tree.

The judgment of the district court will be reversed, a new trial awarded, and the case remanded to the district court, there to be proceeded with according to law.